**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARDO MARTINEZ GONZALEZ, | No. 16-71548 |
| Petitioner, | Agency No. A095-811-966 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Leonardo Martinez Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

To the extent Martinez Gonzalez challenges the agency's adverse credibility determination, substantial evidence supports that finding, where Martinez Gonzalez's testimony was internally inconsistent and his explanation for the inconsistencies was implausible. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-45 (9th Cir. 2010) (detailing REAL ID Act adverse credibility standards).

Accordingly, substantial evidence also supports the agency's finding that Martinez Gonzalez provided false testimony in order to obtain an immigration benefit, and therefore cannot show the required good moral character for cancellation of removal and voluntary departure. *See* 8 U.S.C. §§ 1101(f)(6) (anyone who has given false testimony for the purpose of obtaining immigration benefits cannot show good moral character), 1229b(b)(1)(B) (requiring good moral character for cancellation of removal), 1229c(b)(1)(B) (same for voluntary departure).

The record does not support Martinez Gonzalez's contention that he was denied a full and fair hearing. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal quotation marks and citation omitted)); *Almaghzar v. Gonzales*, 457

F.3d 915, 922 (9th Cir. 2006) (petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind").

We do not reach Martinez Gonzalez's contentions regarding his accrual of continuous physical presence in the United States because the BIA did not, and was not required to, reach this issue. *See Najmabadi*, 597 F.3d at 986 (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED.**